# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

HENRI SCHULTZ, )
)
              Plaintiff, )
)     Case No. 23-cv-03272-SRB
v. )
)
EXPERIAN INFORMATION SOLUTIONS, INC., )
*et. al.*, )
              Defendants. )

## ORDER

Before the Court is Defendant Citibank, N.A.'s ("Citibank") Motion to Compel Arbitration and Stay Case. (Doc. #66.) For the reasons discussed below, the motion is DENIED.

On August 29, 2023, Plaintiff Henri Schultz ("Plaintiff") filed a complaint against multiple credit bureaus and banks alleging violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that his mother opened multiple accounts without his knowledge. Some of those accounts belong to Citibank. Plaintiff alleges Citibank has violated the FCRA by failing to "conduct a reasonable investigation" into the fraudulent accounts and continuing to "inaccurately report[] the multiple fraudulent accounts on Plaintiff's credit reports" in violation of 15 U.S.C. § 1681s-2(b). (Doc. #1, p. 12.)

On December 20, 2023, Citibank filed the instant motion arguing that "[a]ll of the[] [Citibank accounts] are covered by binding arbitration agreements contained within their respective card agreements[;]" and therefore, "the Court should order that this dispute be submitted to arbitration." (Doc. #67, pp. 7-8.) Plaintiff disagrees and argues that he "clearly

cannot be bound by an Arbitration Agreement that he never signed, on an account he never opened." (Doc. #75, p. 5.) The parties' arguments are discussed below.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., governs arbitration provisions in contracts involving interstate commerce. Under the FAA, when a purported arbitration agreement is challenged, district courts have the limited role of determining "1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute *falls within the scope* of the arbitration agreement." *Unison Co., Ltd. v. Juhl Nergy Dev., Inc.*, 789 F.3d 816, 818 (8th Cir. 2015) (emphasis in original) (quoting *Indus. Wire Prods., Inc. v. Costco Wholesale Corp.*, 576 F.3d 516, 520 (8th Cir. 2009)). Courts deciding motions to compel arbitration apply a summary judgment standard in accordance with Federal Rule of Civil Procedure 56. *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 740-41 (8th Cir. 2014). Here, the parties dispute whether the agreement was validly made.

Plaintiff largely relies on a recent North District of Illinois case that also involved Citibank. *See Hoganberry v. Experian Info. Sols., Inc.*, No. 23 C 3690, 2023 WL 8113393, at *1 (N.D. Ill. Nov. 22, 2023). In that case, a consumer alleged that multiple accounts maintained by Citibank were the result of identity theft; in response, Citibank argued that the consumer's FCRA claims were subject to mandatory arbitration. While Citibank offered a declaration from an employee stating that an account was opened in the consumer's own name, the consumer countered with a sworn declaration that he never opened any of the relevant accounts. The Northern District of Illinois denied Citibank's motion to compel arbitration stating "at this stage [there is] no evidence that [the consumer] was responsible for [the] transactions" and "[i]f [the consumer] is able to prove identity theft, it would be contrary to logic and common sense to

2

enforce terms of a credit application agreement for an account that was opened by [Citibank] at the request of defrauder." *Id.* at *5 (quotation marks and citation omitted).

Therefore, in line with the FAA's requirement that if a genuine issue concerning the making of the arbitration agreement is identified, "the court shall proceed summarily to the trial thereof," the Northern District of Illinois ordered that the parties conduct limited discovery and then participate in a status conference to determine if a bench or jury trial was required. *Id.* at 3 (quotation marks and citations omitted). That court's determination is in line with other district courts. *See Hudson v. Babilonia*, No. 3:14-CV-01646 MPS, 2015 WL 1780879, at *2 (D. Conn. Apr. 20, 2015); *see also Garry v. Credit Acceptance Corp.*, No. 19-CV-12386, 2020 WL 1872361, at *2 (E.D. Mich. Apr. 15, 2020).

Here, the Court agrees with Plaintiff and follows the logic laid out in *Hoganberry*. Like the consumer in *Hoganberry*, Plaintiff signed a declaration stating he did not open the Citibank accounts. Plaintiff further stated that he "filed a police report with the Ozark Police Department[,] . . . submitted a sworn Identity Theft Affidavit to the Federal Trade Commission, [and that] . . . when [he] called up Citibank to find out why these accounts were on [his] credit report, Citibank provided to [him]" a phone number that belongs to his mother. (Doc. #75-1, p. 2.) Therefore, unlike in *Hoganberry*, where the Northern District of Illinois found the issue to be relatively close due to the consumer not providing much detail in his declaration, here Plaintiff has provided ample evidence to create a genuine issue of fact on whether a valid arbitration agreement was formed. Finally, while Citibank has submitted a declaration stating that Plaintiff opened the relevant accounts under his name, with one even dating back to 2014, that declaration is insufficient for the Court to find no genuine issue of fact on the validity of the arbitration clause.

3

Accordingly, it is hereby ORDERED that Citibank's Motion to Compel Arbitration and Stay Case (Doc. #66) is DENIED. The parties are instructed to promptly engage in discovery on the issue of the validity of the arbitration agreement and contact the Court to set a status conference by March 8, 2024. Further, Plaintiff's request for oral argument is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

Dated: January 17, 2024

4